# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EMERALD JOHNSON, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 18-CV-3403 |
| | : | |
| WORKERS COMPENSATION | : | |
| APPEAL BOARD, *et al.*, | : | |
| Defendants. | : | |

## MEMORANDUM

**RUFE, J.**                                                                                  **AUGUST 20, 2018**

Plaintiff Emerald Johnson, proceeding *pro se*, brings this civil action against "Philadelphia Coca-Cola," his former employer, and the Workers Compensation Appeal Board.[1] Johnson has moved to proceed *in forma pauperis* and for appointment of counsel. For the following reasons, the Court will grant Johnson leave to proceed *in forma pauperis*, dismiss his Complaint, and deny the motion for counsel.

## I. FACTS

On September 16, 2013, Johnson injured his foot while on the job at the Coca-Cola facility in Philadelphia. It appears that he initially received workers' compensation benefits related to the injury. A review of public records reflects that in 2015, the Coca-Cola Company petitioned to suspend and terminate Johnson on the basis that he had recovered from that injury. *Johnson v. Workers' Comp. Appeal Bd. (Philadelphia Coca-Cola)*, No. 640 C.D. 2017, 2017 WL 4557816, at *1 (Pa. Commw. Ct. Oct. 13, 2017). After a hearing, a Workers' Compensation Judge "determined that [Coca-Cola] met its burden of proving that [Johnson] had fully recovered from

---

[1] On the second page of the Complaint, Johnson identified Defendant Workers Compensation Appeal Board as the "Department of Labor & Industry/Workers Compensation Appeal Board/Capital Assoc Building."

1

his work-related injury and was capable of returning to work without restrictions and, therefore, granted [Coca-Cola's] termination petition." *Id.* at *2.

Johnson appealed to the Workers' Compensation Appeal Board, which affirmed the judge's decision. Johnson filed a petition for review of that decision with the Pennsylvania Commonwealth Court, claiming that the judge "erred in determining that he was fully recovered from the work-related injury." *Id.* The Commonwealth Court affirmed the Board's decision. *Id.* at *3. Johnson petitioned the Supreme Court of Pennsylvania to hear his case, but his petition was denied. *Johnson v. Workers' Compensation Appeal Board (Philadelphia Coca-Cola)*, Docket No. 43 EAL 2018. Johnson's motion for reconsideration of that decision was denied on August 6, 2018. *Id.*

On August 13, 2018, Johnson filed the instant civil action using this Court's form Complaint for employment discrimination. As in his state court-litigation, Johnson contends that he is still injured and receiving medical treatment for his injuries. The Court understands Johnson to be raising a claim under the Americans with Disabilities Act based on his former employer's decision to terminate him despite his contention that he is still injured and unable to work. He seeks an order directing the Defendants to "reasonably accommodate [his] disabilities." (Compl. ECF No. 2, at 8.)[2]

## II.  STANDARD OF REVIEW

The Court grants Johnson leave to proceed *in forma pauperis* because it appears that he is not capable of pre-paying the fees to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the

---

[2] The Court adopts the pagination assigned to the Complaint by the CM-ECF system.

same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Courts evaluating the viability of a complaint should "disregard legal conclusions and recitals of the elements of a cause of action, supported by mere conclusory statements." *Santiago v. Warminster Twp.*, 629 F.3d 121, 128 (3d Cir. 2010) (quotations omitted).

The Court must accept Johnson's factual allegations as true and may consider documents attached to the Complaint and matters of public record. *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006). Additionally, the Court may dismiss claims based on an affirmative defense if the affirmative defense is obvious from the face of the Complaint. *See Reaves v. Pa. Bd. of Prob. & Parole*, 580 F. App'x 49, 51 n.1 (3d Cir. 2014) (per curiam); *cf. Ball v. Famiglio*, 726 F.3d 448, 459 (3d Cir. 2013). The Court must construe Johnson's allegations liberally because he is proceeding *pro se*. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

### III. DISCUSSION

Johnson's claims are precluded because he may not relitigate in federal court issues that he unsuccessfully litigated in state court. Federal courts are required to "give the same preclusive effect to state court judgments that those judgments would be given in the courts of the State from which the judgments emerged." *Lance v. Dennis*, 546 U.S. 459, 466 (2006). Under Pennsylvania law, collateral estoppel, also known as issue preclusion, applies when:

(1) An issue decided in a prior action is identical to one presented in a later action;
(2) The prior action resulted in a final judgment on the merits;

(3) The party against whom collateral estoppel is asserted was a party to the prior action, or is in privity with a party to the prior action; and
(4) The party against whom collateral estoppel is asserted had a full and fair opportunity to litigate the issue in the prior action.

*Rue v. K-Mart Corp.*, 713 A.2d 82, 84 (Pa. 1998). In *Jones v. United Parcel Service*, the Third Circuit held that a finding in a termination proceeding in the workers' compensation context that an individual is fully recovered from a work-related injury is entitled to preclusive effect in subsequent litigation under the Americans with Disabilities Act. 214 F.3d 402, 406 (3d Cir. 2000) ("We predict that the Pennsylvania Supreme Court would follow its decision in *Rue* under the circumstances here and would give preclusive effect to the factual finding of the WCJ in the workers' compensation proceeding that Jones was fully recovered from his work-related injury, regardless of the differing policies behind the ADA and the Workers' Compensation Act.").

As in *Jones*, Johnson's claims rest on an allegation that he remained disabled as a result of his work-related injury, and that his employer failed to accommodate that disability. However, because Johnson is precluded from relitigating his recovery from his work-related injury, his "ADA claim fails as a matter of law." *Id.* Accordingly, the Court must dismiss his case.

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss the Complaint. Johnson will not be given leave to amend because amendment would be futile. Johnson's Motion for Counsel will be dismissed as moot. *See Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993). An appropriate Order follows.

**BY THE COURT:**

**/s/ Cynthia M. Rufe**
_____
**CYNTHIA M. RUFE, J.**